GOLDING BROS. Co., Plaintiff, *v.* SAMUEL KAUFMAN, Also Known as SELIG KAUFMAN, Defendant.

City Court of New York, Kings County, December 1, 1937.

*Sidney Golding*, for the plaintiff.

*Sydney M. Newman*, for the defendant.

GOLDSTEIN, J. Motion to punish judgment debtor for contempt of court on the ground of false swearing upon his examination and for transferring his property, in violation of the restraining clause contained in subpœnas dated September 17, 1937.

It appears that two judgments were recovered by the judgment creditor against the judgment debtor, one in the sum of $217.52 and the other in the sum of $218.18, on the 16th day of September, 1937. On the 17th day of September, 1937, the attorney for the judgment creditor issued two subpœnas for the examination of the judgment debtor in supplementary proceedings, pursuant to subdivision 2 of section 775 of the Civil Practice Act. Both of these subpœnas were simultaneously served upon the judgment debtor on the 18th day of September, 1937. These subpœnas were both returnable on the 30th day of September, 1937, at eleven o'clock. On the return day thereof the debtor appeared and was examined extensively. The judgment creditor now makes this motion to punish the judgment debtor for contempt of court upon the ground that the debtor testified falsely upon his examination and on the further ground that he violated the restraining clause contained in the subpœnas above mentioned by transferring some of his property.

Section 775 of the Civil Practice Act distinctly provides that an attorney shall not issue a subpœna for the examination of a debtor where the debtor had been previously required to and did attend court pursuant to an order of subpœna for examination on such judgment.

As it has heretofore been pointed out, the attorney for the judgment creditor issued two subpœnas for the examination of the judgment debtor. Both of these subpœnas were issued on the same day and returnable on the same day. It may be argued that, although two subpœnas were issued, yet they were based upon two separate judgments.

In the case of *Canavan* v. *McAndrew* (20 Hun, 46, 47) a similar situation arose, and the court, by Mr. Justice BARRETT, said: " If the plaintiff's position be correct he has an absolute right to examine the defendant on every judgment he may obtain, no matter how numerous they may be. This would result in making the statute a means of oppression and could not be tolerated. The fair rule is freely to grant the right, not as attaching specially to the two or more judgments, but as the privilege of the particular plaintiff."

The attorney for the judgment creditor having violated the express mandate of section 775 of the Civil Practice Act by issuing the subpœnas upon which this motion is founded, no lawful basis exists for punishing the judgment debtor for contempt for disobedience thereof.

The motion must, therefore, be denied.